UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHRISTOPHER CELLERY,<br><br>Plaintiff,<br><br>v.<br><br>FRANK KOCKA, ROY L. NELSON, III, DANIELLE PIEPER, ERIC JOHNSON, DOUGLAS HERNDON,<br><br>Defendant. | Case No. 2:24-cv-00193-GMN-EJY<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiff's Complaint. ECF No. 1-1. Plaintiff has neither paid the filing fee nor submitted an application to proceed *in forma pauperis*. Despite this failure the Court screens Plaintiff's Complaint and finds Plaintiff names defendants who are immune from suit and otherwise seeks relief unavailable under 42 U.S.C. § 1983. For these reasons, the Court exercises its authority to *sua sponte* recommend dismissal (without prejudice) of this case. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). Plaintiff "cannot possibly win relief" under § 1983 (*id.*); however, Plaintiff may be able to bring his claim in a habeas corpus petition under 28 U.S.C. § 2254.

**I.      Screening Standard**.

The court screens Plaintiff's complaint under 28 U.S.C. § 1915(e)(2). Under the Prison Litigation Reform Act, a federal court must dismiss a prisoner's claim if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." *Id.*

The standard for dismissing a complaint for failure to state a claim upon which relief can be granted is established by Federal Rule of Civil Procedure 12(b)(6). The court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that

1

the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Finally, all or part of a complaint filed by a prisoner may be dismissed sua sponte if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.     District Attorney's And Judges Are Generally Immune From Suit.**

   a.   <u>The Court Recommends Plaintiff's Claims Against Assistant District Attorney Danielle Pieper be Dismissed</u>.

Plaintiff names Danielle Pieper, Clark County Assistant District Attorney, as a defendant in this action. ECF No. 1-1 at 2. Prosecutors are "immune from a civil suit for damages under § 1983." *Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir. 2001) (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). "[P]rosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the State performing functions intimately associated with the judicial phase of the criminal process." *Bailey v. Clark Cnty. Dist. Attorney's Office*, Case

2

No. 2:10-cv-01012-JCM-RJJ, 2010 WL 3724250, at *2 (D. Nev. Sept. 16, 2010) (collecting cases, internal quote marks omitted). In other words, "[s]tate prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity." *Id*. (internal citations omitted). Further, "[t]he intent of the prosecutor when performing prosecutorial acts plays no role in the immunity inquiry." *McCarthy v. Mayo*, 827 F.2d 1310, 1315 (9th Cir. 1987) (internal citation omitted). Absolute prosecutorial "immunity covers the knowing use of false testimony at trial, the suppression of exculpatory evidence, and malicious prosecution." *Milstein*, 257 F.3d at 1008.

To the extent Plaintiff asserts Ms. Pieper engaged in some act leading to his conviction arising from his guilty plea, the nature of that act clearly fell within the broad scope of prosecutorial immunity. ECF No. 1-1 at 4 (alleging Ms. Pieper brought charges against Plaintiff she could not prove while "swearing" to the Court "that she could" do so). The Court further notes that to the extent Plaintiff's allegation is intended to attack his conviction, as discussed in greater detail below, this claim must be brought through a habeas corpus petition. *Heck v. Humphrey*, 512 U.S. 477 (1994). In sum, Plaintiff's claim against Ms. Pieper fails as a matter of law. Therefore, the Court recommends Plaintiff's claims against Ms. Pieper be dismissed.

    b. <u>The Court Recommends Plaintiff's Claims Against Justice Herndon and Judge Johnson be Dismissed</u>.

The Ninth Circuit is clear that "[j]udges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). In fact, judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193 (1985) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1872)). Nonetheless, a judge lacks immunity when he acts in the "clear absence of all jurisdiction," *Bradley*, 80 U.S. at 351, or performs an act that is not "judicial" in nature. *Stump v. Sparkman*, 435 U.S. 349, 360 (1978). The factors relevant when determining whether an act is judicial "relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id*. at 362.

Here, all allegations made by Plaintiff clearly pertain to acts arising from Plaintiff's criminal case and appear to be, to the extent they are decipherable, functions normally performed by judges in such actions. Specifically, the allegations regarding Justice Herndon and Judge Johnson state they accepted Plaintiff's plea to a charge these judges supposedly knew the state could not prove. ECF No. 1-1 at 4. However, even if this occurred, the act of accepting a plea was not outside the jurisdiction of the courts. Thus, the Court finds Plaintiff's claim against Justice Herndon and Judge Johnson fails as a matter of law and the Court recommends these claims be dismissed.

**III.   There Are Two Reasons Plaintiff's Claims Asserted Against His Counsel Frank Kocka And Roy L. Nelson III Must Be Brought In A Habeas Petition.**

Plaintiff's Complaint appears to allege his counsel, Messrs. Kocka and. Nelson, failed to provide effective assistance by virtue of the plea deal Plaintiff accepted resulting in his conviction. *Id.* at 3-4. Plaintiff complains these defense counsel were paid to protect his rights, but "failed to do" so. *Id.* at 4. Plaintiff says that his defense counsel "allowed him to enter a plea to a crime they knew the State could not prove …." *Id*.

    a.   <u>Defense Counsel are not State Actors Under 42 U.S.C. § 1983</u>.

The Civil Rights Act of 1871, codified as amended at 42 U.S.C. § 1983, creates a private right of action for any party that has been deprived of "any rights, privileges, or immunities secured by the Constitution and laws" by any person "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." 42 U.S.C. § 1983. A person "acts under color of state law [for purposes of § 1983] only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk Cty. v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Attorneys appointed to represent a criminal defendant during trial do not act under color of state law because representing a client "is essentially a private function ... for which state office and authority are not needed." *Id.* at 319; *United States v. De Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992). In fact, when publicly appointed counsel are performing as advocates they do not act under color of state law for 42 U.S.C. § 1983 purposes. *Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Dodson*, 454 U.S. at 320-25; *Miranda v. Clark Cty.*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc)

(finding that the public defender defendant was not a state actor subject to suit under § 1983 because, so long as he performs a traditional role of an attorney for a client, "his function," no matter how ineffective, is "to represent his client, not the interests of the state or county"). Based on the clearly settled law cited immediately above, Plaintiff's § 1983 claims against Messrs. Kocka and Nelson fail as a matter of law and should be dismissed.

    b. <u>Plaintiff's Ineffective Assistance Claim Cannot be Raised Under 42 U.S.C. § 1983</u>.

In analyzing which types of claims can be brought under 42 U.S.C. § 1983, the U.S. Supreme Court precedent holds that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks release. *Heck*, 512 U.S. at 481 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973)). A prisoner "has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id*. at 489. "It would wholly frustrate explicit congressional intent" to allow plaintiffs to evade the exhaustion requirement of an application for a writ of habeas corpus by labeling their request as a § 1983 claim. *Preiser*, 411 U.S. at 489-490. Federal courts must work to prevent prisoners from relying on § 1983 to subvert the different procedural requirements of habeas corpus proceedings under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Simpson v. Thomas*, 528 F.3d 685, 695 (9th Cir. 2008). As explained in *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam), a Sixth Amendment claim of ineffective assistance of counsel brought under § 1983 is precluded under *Heck*, 512 U.S. 477, because such a claim implies "invalidity of" the plaintiff's conviction.

Plaintiff's claims against his defense counsel, when liberally construed, appear to allege they failed to represent him during criminal proceedings and specifically in plea negotiations. These allegations are reasonably construed as attempting to state an ineffective assistance of counsel claim undermining the validity of Plaintiff's plea. As stated, this claim must be brough through a habeas petition. Therefore, the Court finds the claims Plaintiff raises against Messrs. Kocka and Nelson in his § 1983 Complaint fails as a matter of law. The Court recommends this claim be dismissed.

### IV. Plaintiff Claims All Defendants Knew Of Mr. Nelson's Suspension From The Practice Of Law And Failed To Notify him.

Plaintiff asserts Mr. Nelson was suspended by the Nevada Supreme Court for ethics violations. More exactly, however, the Court takes judicial notice of Mr. Nelson's suspension from the practice of law in the State of Nevada on August 11, 2022. ECF No. 1-1 at 25; https://nvbar.org/for-the-public/find-a-lawyer/?usearch=Roy+Nelson (last visited on July 9, 2024). The plea agreement was signed by Mr. Nelson on December 10, 2020. ECF No. 1-1 at 23. Plaintiff asserts no facts supporting the contention that any Defendant knew of issues relating to Mr. Nelson sixteen months before his suspension. Nonetheless, even if there is some unalleged fact demonstrating one or more Defendant knew that Mr. Nelson was headed for suspension from the practice of law, Plaintiff's claim attacks the validity of his plea—that is, his conviction—which is a claim that must be raised in a habeas petition.

In *Heck*, the U.S. Supreme Court explained:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 USC § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 486-487. Plaintiff's conviction has not been invalidated. Further, granting Plaintiff the relief he effectively seeks—a finding that he received ineffective assistance of counsel about which the prosecutor, Justice Herndon, Judge Johnson were aware—implies the invalidity of his plea and, thus, his conviction. *Cf. Johnson v. U.S.A.*, Civil Action No. 2:19-1129, 2020 WL 6163102, at **2-3 (W.D. Pa. Sept. 25, 2020); *Williams v. City of Dallas Police Dept.*, Case No. 3:09-

cv-0275-P, 2009 WL 812239, at *3 (N.D. Tx. Mar. 26, 2009).  Therefore, the Court finds Plaintiff's claims are ones that must be brough in a habeas corpus petition.

## V.     Recommendation

Accordingly, IT IS HEREBY RECOMMENDED that all of Plaintiff's claims against all Defendants be DISMISSED in their entirety, but without prejudice.

Defendants Pieper, Johnson, and Herndon are immune from suit under 42 U.S.C. § 1983. Messrs. Kocka and Nelson cannot be sued under this statute as they are not state actors.  To the extent Plaintiff seeks to attack his conviction, dismissal without prejudice will allow Plaintiff to pursue his claims under the habeas corpus statute at 28 U.S.C. § 2254.

Dated this 11th day of July, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).